John Lenzini, et ux.
vs.                    } No. 66557
Ernest Gianetti, Appt.

October 25, 1927.

BAKER, J.   Trespass and ejectment. Heard jury trial waived.

In this case the pleadings are voluminous and the facts more or less complicated. In general it appears that the plaintiffs rented under a written lease certain store property in the City of Pawtucket to one Noel or Natale Gianetti. On December 1, 1925, he owed four months' rent, not however payable in advance. Mrs. Lenzini also held a chattel mortgage on merchandise in the store and on said date the said Noel Gianetti was behind in his payments on said mortgage. About this time there were numerous conferences between the parties in interest in regard to the situation and there was talk of a new lease, but nothing definite resulted. On December 7, 1925, in the evening, acting under instructions from the plaintiffs, their attorney, Mr. Watjen, demanded payment of what was due, and upon a refusal he entered the premises, obtained the keys from the lessee and locked the place up. There is a dispute as to the purpose of this entry. The plaintiffs claim that Mr. Watjen entered for the double purpose of terminating the lease and foreclosing the chattel mortgage. The defendant contends that the entry was for the latter object only. Later in the evening of the 7th, after a conference, it was determined by Mr. Watjen to waive the right of foreclosure under the chattel mortgage, there being a question as to whether or not it covered certain goods in the store, and an action at law, by attaching the goods in the store, was begun, the writ being served on December 8th, and a sheriff entered into possession. On December 10th, a settlement and release of the attachment was brought about after a conference between the attorneys, and Defendant's Exhibit F, a receipt, as given to show what the payment in settlement covered. Apparently it consisted of the balance due on the chattel mortgage

with interest, four months' rent ending on December 1st, and certain costs, fees and expenses. When Natale Gianetti sought to take possession of the personal property in the store, he was informed by the deputy sheriff that he was intending to levy an execution on the property in another case, namely, Vincenguerra vs. Natale Gianetti. The latter immediately, on the same day, made a general assignment for the benefit of his creditors which was duly recorded, and on December 26, 1925, the assignee held a sale at which the property was bid in by an attorney for the present defendant, who is a brother of Natale Gianetti. On January 1, 1926, plaintiffs' attorney went to the store because of certain frozen water pipes and there met the assignee. There was some conversation as to possession of the property and the completing of the assignee's duties. On January 8, 1926, the assignee went to the house of Mrs. Lenzini and left there $32.50. The plaintiffs refused to accept this but the money was left in the house. The testimony is not very clear as to what happened on this occasion but there was talk about the money being for the use and occupation of the premises. Soon after this date, the defendant placed the store in readiness for opening and the present action was thereupon started by writ dated January 15, 1926.

The first, and perhaps most important, question in the case is whether the lease was terminated by the entry on December 7, 1925. At that time four months' rent was due and there can be no question as to the right of the plaintiffs to terminate by entry if they saw fit. A careful consideration of the testimony on this question satisfies the Court that the lease was then ended. There seems little doubt from the evidence but that the entry was made

for the dual purpose of terminating the lease and foreclosing the chattel mortgage. The defendant very earnestly contends that the entry was merely for the latter purpose, but the Court can not find that the testimony supports him in this claim. The keys of the premises were given up to the plaintiffs' attorney, the place was locked up, and all the surrounding facts and circumstances following the many conferences of the parties, the falling through of the negotiations for a new lease, and the moving of the automobile truck on the premises, lead the Court to find that without question the entry was for the purpose of terminating the lease. Mr. Watjen, the attorney, gave his evidence in a clear and straightforward manner and impressed the Court most favorably.

A consideration of the facts in the case seems to reveal that Natale Gianetti was apprehensive at all times of the Vincenguerra execution then outstanding against him and hesitated to increase the value of his equity.

The defendant further argues that even if the lease was terminated by entry, then there has been a waiver by reason of the bringing of the attachment suit for back rent. Cavanaugh vs. Cook, 38 R. I. 25. The Court believes said case is distinguishable from the case at bar. In the present case the lease was terminated by entry on a given date and the Court is of the opinion that the lessor has a right to bring an action to recover rent due up to that date. In the case of Cavanaugh vs. Cook, supra, a writ of ejectment was begun and was then followed by an action to recover rent for a period of time subsequent to the beginning of the ejectment action. It would not seem as though the doctrine of the case of Cavanaugh vs. Cook, supra, applied to the present situation. The Court finds, therefore,

that the ground of forfeiture was not waived by the bringing of the attachment suit.

The defendant also refers to a certain loan of $100 and that Mrs. Lenzini agreed to waive payment of the rent in order to allow Natale Gianetti to pay the loan. The testimony on this point is rather vague and in any event it would seem as though the loan had been repaid during October, so that apparently there would be default in the payment of the rent after the date. A consideration of all the evidence on this point does not satisfy the Court that any such agreement was made as the defendant claims, or that any waiver resulted from the actions of Mrs. Lenzini in this connection.

The defendant next urges that Mrs. Lenzini accepted the December rent of $32.50 from the assignee. A consideration of this matter convinces the Court pretty clearly that the assignee and the defendant's attorney attempted to make Mrs. Lenzini take this money as December rent in order to destroy the effect of the present action. The assignee went to Mrs. Lenzini's house with two men obviously as witnesses. The Court is satisfied that there was some talk about money for use and occupation of the premises. However that may be, the Court finds that Mrs. Lenzini never accepted said money as rent for the month of December. It is quite clear from the evidence that this sum was left in her house against her will and in the judgment of the Court in no way constituted payment or acceptance of rent for the month of December.

The defendant then claims that in the settlement or compromise of the attachment suit, it was the understanding that the lease was to be revived and that Natale Gianetti was to be again let into possession under it. There is nothing in the papers to show this in any way. The receipt

(Defendant's Exhibit F) given when the money was paid is very specific and contains no reference to the revival of the lease. If there was some verbal understanding or misunderstanding between the attorneys conducting the negotiations, the Court does not see how it can now give it any consideration. It seems fairly clear that the settlement was made in order to permit Natale Gianetti and his brother to obtain possession of perishable goods in the store which were of considerable value. The Court does not find, therefore, that in the settlement or adjustment of the attachment suit, the lease, which had been terminated by entry on December 7th, was in any way revived.

In this connection the defendant suggests that at first, in the conferences relating to settlement of the attachment case, the plaintiffs claimed there was due a month's rent more than they actually accepted. There is testimony which would tend to show that at first the plaintiffs claimed five months' rent, but it is perfectly clear from the evidence and from the receipt given and from the money paid, that in the final analysis only four months' rent up to December 1st was paid and accepted, and therefore the fact that there may have been some confusion or misunderstanding about dates or amounts seems to the Court rather immaterial. It can ascertain nothing which would in any way constitute a waiver of the plaintiffs' rights.

The defendant also suggests that, under a certain provision of the lease, he has been accepted as a tenant, being of satisfactory credit. The Court does not find, after considering this matter, that the testimony warrants any such holding. While undoubtedly there may have been some talk of the defendant's credit, it is clear that there was no definite understanding or agreement about the matter.

Finally, it fails to appear that the general assignee for the benefit of creditors in any way attempted to assume the lease which his assignor at one time had or that he made any agreement with the plaintiffs in regard to the lease. It is true that at the assignee's sale he apparently attempted to transfer rights under the lease, but it would appear to the Court that he had no such rights to sell. The settlement of the attachment suit gave Natale Gianetti or his assignee a reasonable time to remove his personal property from the premises, but beyond that the Court can not see how he or the defendant obtained any right of possession in the premises themselves.

The Court finds that the lease has been properly terminated by entry of December 7th, that there has been no waiver of rights by or estoppel against the plaintiffs by any of the subsequent actions of the parties, that no new agreement or lease has been made with the assignee or the defendant, who is apparently without right in the premises, that none of the suggested defences appears to be supported by the testimony, and that the plaintiffs are therefore entitled to a finding in their favor.

Decision for the plaintiffs for possession.

For plaintiffs: Albert N. Peterson.
For defendant: Frank H. Wildes.